UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA ZORICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:17-cv-1522 PLC |
| | ) | |
| ST. LOUIS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF ANGELA ZORICH'S MOTION TO STRIKE AFFIDAVIT OF MARCELLUS SPEIGHT

COMES NOW, Plaintiff Angela Zorich, by and through undersigned counsel, and hereby respectfully prays that this Honorable Court strike the Affidavit of Marcellus Speight, as offered by Defendants in support of their Motion to Exclude Expert Testimony Pursuant to Daubert and to Hold a Hearing.  In support of her Motion, Plaintiff states as follows:

1. On May 17, 2017, Plaintiff filed her Complaint, pleading causes of actions against four individually-named defendant police officers of St. Louis County for violations of her constitutionally protected rights, pursuant to 42 U.S.C. § 1983, as well as damages under state common law.  Additionally, Plaintiff pleaded causes of action against St. Louis County, pursuant to *Monnell* theories of municipal liability.

2. On September 27, 2017, this Court entered a Scheduling Order in this matter which provided that Plaintiff was to disclose her expert witnesses by February 2, 2018 and, in accordance with this Order, Plaintiff identified Lieutenant James Crosby.  Further, as required by F. R. Civ. Pro. 26(a)(2)(A)-(B), Plaintiff provided Defendants with a written report from

Lieutenant Crosby.  Then, on or about March 30, 2018, Defendants conducted a deposition of Lieutenant Crosby in this matter.

3. Pursuant to the Court's Scheduling Order, Defendants were to disclose their expert witnesses by April 2, 2018.  However, the parties agreed to allow Defendants until May 4, 2018 to disclose their expert witness and until June 6, 2018 to produce these witnesses for depositions.  On May 4, 2018, Defendants identified two intended expert witnesses in this matter, Lieutenant Colby Dolly and Captain Bryan Ludwig, both of the St. Louis County Police Department.  However, Defendants did not disclose any additional proposed experts at that time nor did they disclose their intention to offer Marcellus Speight as a proposed rebuttal expert.

4. On or about June 11, 2018, Defendants filed their Motion to Exclude Expert Testimony and an accompanying Memorandum of Law, *Docs. #. 29, 30*.  Defendants attached an Affidavit of Marcellus Speight, to their Motion and rely heavily upon Mr. Speight's affidavit in urging this Court to exclude the testimony of Lieutenant Crosby.  *Id.*  Again, however, at no time prior to Defendant's filing of the Motion to Exclude Expert Testimony Pursuant to Daubert have Defendants identified Marcellus Speight as a potential or intended expert witness in this matter.

5. Fed. R. Civ. P. 26 governs the "Time to Disclose Expert Testimony."  Purusant to F. R. Civ. Pro. 26(a)(2)(A), "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Moreover, pursuant to Rule 26(a)(2)(B): "A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) *if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party*

*under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.*" (emphasis added).

6.         As is clear from Defendants' Motion to Exclude Expert Testimony Pursuant to Daubert and the accompanying Memorandum Defendants are attempting to offer Mr. Speight's testimony as expert rebuttal testimony.  *Docs. # 29; 30* at 4, 6-8.

7.         By failing to make a timely identification of Mr. Speight as a potential expert witness for purposes of rebutting Lieutenant Crosby and his opinions, Defendants have violated both the letter and spirit of F. R. Civ. Pro. 26(a)(2)(A)-(B) and are attempting to impose undue surprise and prejudice upon Plaintiff.  In failing to make a timely disclosure of Mr. Speight and his opinions, Defendants have denied Plaintiff the opportunity to inquire as to whether Mr. Speight can even qualify as an expert and/or to explore the bases for his opinions, to which Plaintiff is entitled pursuant to F. R. Evid. 702 and interpreting federal case law (i.e., a *Daubert* challenge).

WHEREFORE, Plaintiff Angela Zorich hereby respectfully prays that this Honorable Court  strike the Affidavit of Marcellus Speight and disregard said Affidavit for purposes of Defendants' Motion to Exclude Expert Testimony Pursuant to *Daubert*.

    Respectfully submitted,

    /s/ Daniel J. Kolde
    Daniel J. Kolde MO64965
    230 S. Bemiston Ave., Suite 1420
    Clayton, Missouri 63105
    (636) 675-5383
    daniel.kolde.law@gmail.com

    and,

3

                                                DOBSON, GOLDBERG, BERNS & RICH, LLP

                                                /s/ Jerome J. Dobson
                                                Jerome J. Dobson MO33215
                                                Nicole A. Matlock MO66894
                                                5017 Washington Place, Third Floor
                                                St. Louis, MO 63108
                                                314-621-8363
                                                jdobson@dobsongoldberg.com
                                                nmatlock@dobsongoldberg.com

## **Certificate of Service**

      The undersigned hereby certifies that, on this 28th day of June, 2018, Plaintiff filed a true and accurate copy of the foregoing with the Clerk of this Court and thereby served on all counsel of record for all parties, via operation of that system.

                                                                                 */s/ Daniel J. Kolde*