UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA ZORICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-1522 PLC |
| | ) |
| ST. LOUIS COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court[1] on Defendants' "Motion to Exclude Expert Testimony Pursuant to Daubert and to Hold a Hearing" (ECF No. 29) and Plaintiff's "Motion to Compel Discovery Responses and for Sanctions Directed to All Named Defendants"[2] (ECF No. 43). On August 17, 2018, the Court heard arguments on the motions.

Plaintiff's section 1983 action arises from the execution of a search warrant at Plaintiff's home in April 2014. (ECF No. 1) Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Defendants St. Louis County and four of its law enforcement officers, in their individual capacities, claiming that Defendants violated her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution when, among other things, they entered her home to execute a search warrant for municipal ordinance violations and killed her dog.

1. *Defendants' motion to exclude testimony pursuant to Daubert*

Defendants move to exclude the report and testimony of Plaintiff's expert James W.

---

[1] The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 28).
[2] At the hearing, Plaintiffs did not argue its motion for sanctions and the Court sees no basis for sanctions in the record.

Crosby on the grounds that they do not meet the relevance and reliability requirements set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), and the Federal Rules of Evidence. (ECF No. 29) More specifically, Defendants argue that Crosby is "unqualified to offer some of his…opinions" and failed to "apply sound principles and methods to the facts at hand." Defendants further argue that Crosby's testimony would not assist the jury and amounts to legal conclusions. Plaintiff counters that Crosby is qualified to testify as an expert in this case and his opinions do not invade the province of the jury. (ECF No. 33)

Plaintiff retained Crosby as an expert on police encounters with dogs. Crosby is currently Chief of Animal Care and Protective Services for the City of Jacksonville, Florida. (ECF No. 29-1) Crosby trains police departments and animal control agencies regarding dangerous dogs, dog aggression, use of force in canine encounters, and the investigation of serious and fatal dog attacks on human victims. He previously served as a police officer in the Jacksonville Sheriff's Office for twenty-two years in the capacities of patrolman, sergeant, and lieutenant.

Crosby based his opinion on his review of: photographs of the interior and exterior of Plaintiff's home; the application for search warrant; witness depositions; and St. Louis County Police Department's investigative reports, general and special orders, search and seizure procedures, and tactical operation unit procedures. (ECF No. 29-1) In his report, Crosby stated that: "there was no credible or reasonable justification for entering the property"; the forcible entry was "objectively unjustified" and created "a real and objective danger" to the occupants of the home, their dog, and the police officers; and the St. Louis County Police Tactical Unit failed to follow its own policies of monitoring and gathering intelligence before serving a search

warrant. Crosby also opined that Defendants knew that at least one dog resided in the home but failed to create a plan "for the adequate and safe containment or handling of [the] dog during warrant service," thereby violating "current, widely known and accepted best practices within the field of police encounters with dogs." Finally, Crosby concluded that the police officers' use of immediate and deadly force against the dog, within the confines of Plaintiff's home, was "reckless and unreasonable." Crosby's deposition testimony was consistent with his written report.

Federal Rule of Evidence 702 permits a qualified expert to provide opinion testimony if the expert's specialized knowledge would allow the jury to better understand the evidence or decide a fact in issue. Lee v. Andersen, 616 F.3d 803, 808 (8th Cir. 2010). In determining whether an expert opinion is admissible, the district court acts as a "gate-keeper" to ensure that all expert testimony or evidence admitted at trial is relevant, reliable and "will assist the trier of fact to understand the evidence or to determine a fact in issue." Daubert, 509 U.S. at 589. This gate-keeping function applies to "'technical' and other 'specialized'" expert testimony, in addition to the testimony of scientific experts. Kumho Tire, 526 U.S. at 147. "Decisions concerning the admission of expert testimony lie within the broad discretion of the trial court[.]" Anderson v. Raymond Corp., 340 F.3d 520, 523 (8th Cir. 2003).

Although Federal Rule of Evidence 704 states that "an opinion is not objectionable just because it embraces an ultimate issue," the opinion "must be helpful to the trier of fact" and cannot "merely tell the jury what result to reach[.]" Federal Rule of Evidence 704, Advisory Committee Notes. "[C]ourts must guard against 'invad[ing] the province of the jury on a question which the jury was entirely capable of answering without the benefit of . . . expert opinion." Robertson v. Norton Co., 148 F.3d 905, 908 (8th Cir. 1998) (quoting Walton v.

Sherwin-Williams Co., 191 F.2d 277, 285 (8th Cir. 1951

While expert testimony on police policies and practices is generally admissible in a Section 1983 case, expert testimony on matters of law is not. S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838, 841 (8th Cir. 2003) (expert testimony on "industry practice or standards may often be relevant . . . and expert or fact testimony on what these are is often admissible."). See also Alberternst v. Hunt, No. 4:10-CV-642-JAR, 2011 WL 6140888, at *6 (E.D.Mo. 2011). Additionally, "[l]egal conclusions do not qualify as expert opinions," and a "determination that a defendant's conduct constitutes a constitutional violation is a legal conclusion." Jones v. Slay, No. 4:12-CV-2109-CAS, 2014 WL 2804407, at *11 (E.D. Mo. June 20, 2014) (quotation and citations omitted). See also Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (district court abused its discretion in allowing police-practices expert to testify that officers' conduct comported with Fourth Amendment). Importantly, whether a police officer's conduct was "reasonable" or "excessive" under the Fourth Amendment are questions of law. See Brossart v. Janke, 859 F.3d 616, 624 (8th Cir. 2017); Sloan v. Long, No. 4:16-CV-86-JMB, 2018 WL 1243664, at *3 (E.D. Mo. Mar. 9, 2018).

Defendants request the Court exclude Crosby's opinions relating to St. Louis County municipal code and administrative search warrants because "he is not qualified to give [them]." (ECF No. 30 at 3) Additionally, Defendants urge the Court to exclude Crosby's opinions about the Defendants' use of the St. Louis County's TAC team to execute a dynamic, no-knock entry at Plaintiff's residence because Crosby lacks the qualifications to offer them and his testimony would not assist the triers of fact.

On the issues of St. Louis County municipal code, administrative search warrants, use of the TAC team, and execution of search warrants, Plaintiff relies on Crosby's experience as a

police officer and involvement with Jacksonville, Florida's "DART team." However, Plaintiff has failed to demonstrate that Crosby has any specialized or technical knowledge that would aid the jury in understanding these issues. The Court therefore grants Defendants' motion to exclude Crosby's testimony as it relates to the alleged municipal ordinance and/or housing code violations and the issuance and execution of the search warrant at Plaintiff's residence.

Defendants do not dispute that Crosby is qualified to testify about canine aggression and best practices for handling aggressive dogs. Rather Defendants assert that Crosby's opinions relating to the "reasonableness" of Defendants' actions are legal conclusions and invade the province of the jury. The Court agrees. The Court therefore declines to permit Crosby, either through his report, deposition, or testimony at trial, to offer legal conclusions that touch upon an ultimate legal issue in this case, that is, the reasonableness of the police officers' use of deadly force against Plaintiff's dog under the totality of the circumstances and in light of Fourth Amendment standards. See, e.g., Schmidt v. City of Bella Villa, 557 F.3d 564, 570-71 (8th Cir. 2009); Alberternst, 2011 WL 6140888, at *6.

To the extent, however, that Plaintiff proffers Crosby's testimony to help the jury understand best practices for canine interactions, particularly those involving aggressive dogs, the testimony is admissible. This is because "[t]he principles surrounding use of force by a police officer and the tactics and methods for evaluating and capturing a dog are matters of specialized knowledge rather than common knowledge and experience." Branson v. Price, No. 13-CV-3090-REB-NYW, 2015 WL 5608120, at *3 (D. Colo. Sept. 24, 2015). Additionally, Crosby may testify to his opinion about whether the dog acted aggressively because "assessment of the behavior of the dog from various viewpoints will be helpful to the jury in determining the level of threat, if any, presented by the dog. . . ." Id.

*2. Plaintiff's motion to compel discovery responses*

Plaintiff moves to compel Defendants St. Louis County and Robert Rinck to: provide complete answers to Plaintiff's interrogatories Nos. 4, 5 and 10; produce documents responsive to Plaintiff's document requests, Nos. 4, 9-10, 15, 18-20 and 24; and produce documents with bates numbers pursuant to Rule 34. (ECF No. 43) At the hearing, Plaintiff also requested that the Court order Defendants to make witness Mike Cross available for deposition.

The parties resolved many of their discovery-related disputes either before or at the hearing on Plaintiff's motion. Specifically, Defendants' counsel agreed to make Cross available for deposition, and Plaintiff's counsel agreed to bates stamp the document produced by Defendants and orally withdrew the motion to compel as it related to requests for production 4, 9, and 10. Additionally, Plaintiff's counsel represented that the parties resolved their disputes as to interrogatory No. 4 and requests for production Nos. 15, 18, 19, 20. The Court will address Plaintiff's motion to compel as it relates to interrogatories Nos. 5 and 10 and requests for production No. 24.

The scope of discovery under Fed. R. Civ. P. 26(b) is extremely broad. Mills v. Liberty Mut. Ins. Co., No. 4:16-CV-00571 JAR, 2017 WL 1497904, at * 2 (E.D.Mo. April 24, 2017) (quoting Gowan v. Mid Centry Ins. Co., 309 F.R.D. 503, 508 (D.S.D. 2015)). See also 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 3637 (1970). Federal Rule of Civil Procedure 26(b)(1) provides that civil litigants may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in

evidence to be discoverable. Id.

After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993). "A district court is afforded wide discretion in its handling of discovery matters." Cook v. Kartridg Pak Co., 840 F.2d 602, 604 (8th Cir. 1988). See also Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003).

In interrogatory No. 5, Plaintiff asks whether Rinck has been or is currently "the subject of or the defendant in any inquiry, complaint, disciplinary action, or other formal, or administrative action, or of a lawsuit, either civil or criminal, pertaining to your performance as a law enforcement officer, behavior, actions, or inactions, whether on duty or not?" (ECF No. 42-6 at 10). Defendants objected on the ground that the request "is overly broad and is not limited to time or tailored to the claims that are the subject of the lawsuit." Id. At the hearing, Plaintiff's counsel clarified that the purpose of the interrogatory was to obtain information about cases "in which [Rinck's] actions were at issue."

The Court agrees with Defendants that, to the extent the interrogatory requests, without time limitations, information about cases in which Defendants "actions were at issue," the interrogatory is overbroad. Therefore, the Court orders Defendants to provide information relating to: (1) any inquiry, complaint, disciplinary action, administrative action, or lawsuit in which Rinck was a defendant; and (2) any civil lawsuits in which Rinck was deposed or testified between January 1, 2010 and April 29, 2014.

In interrogatory No. 10, Plaintiff asks Defendants to:

> Identify all cell phones and cell phone numbers, electronic email accounts and addresses, body cameras, other audio and video recording devices, computers,

7

and other communication devices provided to you by St. Louis County or which you have used to conduct any of your professional duties and/or St. Louis County business from 2012 through present.

(ECF No. 42-6 at 12)  Defendants objected, arguing that the interrogatory was "overly broad, is not designed to lead to the discovery of admissible evidence, and invades defendant's privacy interests."  Nonetheless, Defendants provided Rinck's work email address and work cell phone number, and further stated that Plaintiff had a work laptop, camera, and radio.  Id.

In his response in opposition to Plaintiff's motion to compel, Rinck asserted that he did not use his personal cell phone or email to conduct business and had fully answered the interrogatory.  Plaintiff claims, however, that during discovery, she learned that Rinck used his personal cell phone to conduct business.  Plaintiff suspects that Rinck might have "coordinated" with Plaintiff's neighbor and/or other defendants to search Plaintiff's property for improper purposes.  At the hearing, Plaintiff's counsel explained that Plaintiff is most interested in possible communications between (1) Rinck and Plaintiff's neighbor and/or (2) Rinck and other defendants in this action.

While Rinck's communications on his personal cell phone may be relevant to Plaintiff's action, the Court recognizes Rinck's privacy interest in his personal cell phone number.  In addition, the Court finds that requiring Rinck to disclose all communications on that device from 2012 through present is unduly burdensome, overbroad, and unnecessary.  The Court orders Rinck to provide Plaintiff records of any communications, made on Plaintiff's personal cell phone, with either Plaintiff's neighbor or any of the defendants during the time period of April through May 2014.

In Plaintiff's request for production No. 24, Plaintiff requested "[c]opies of the agenda for all staff and command meetings for the St. Louis County Police Department for the last (7)

years." (ECF No. 42-8 at 19) Defendants objected, asserting that the request was "overly broad, overly burdensome, is not likely to lead to the discovery of admissible evidence and/or is not proportional to the claims asserted." Id.

At the hearing, Defendants' counsel stated that Defendants had complied with this request for production. Plaintiff's counsel, however, did not believe Defendants had produced the entire "deskbook log." Thus, the Court asks Defendants to revisit its response to request No. 24 to assure that they produced the requested documents.

Accordingly,

**IT IS HEREBY ORDERED** that "Motion to Exclude Expert Testimony Pursuant to Daubert and to Hold a Hearing" (ECF No. 29) is **GRANTED** in part, and **DENIED** in part. Crosby may testify to canine aggression and best practices for handling aggressive dogs.

**IT IS FURTHER ORDERED** that, consistent with the memorandum, Plaintiff's "Motion to Compel Discovery Responses and for Sanctions Directed to All Named Defendants" (ECF No. 43) is **GRANTED** in part and **DENIED** in part. Defendants shall provide any amended answers and responses no later than **August 29, 2018**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2018